Eduardo **CAJAMARCA**, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, **United States Department of Justice**, Respondent.

No. 11–1098–ag.

United States Court of Appeals, Second Circuit.

May 31, 2012.

Eduardo Cajamarca, Jackson Heights, NY, pro se.

Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Eduardo Cajamarca, a native and citizen of Ecuador, seeks review of the February 23, 2011, order of the BIA denying his motion to reconsider. *In re Eduardo Cajamarca,* No. A078 682 011 (B.I.A. Feb. 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As Cajamarca timely petitioned for review of only the BIA's denial of his motion for reconsideration of its earlier denial of his second motion to reopen, we are precluded from considering the merits of the underlying motion to reopen or any prior orders in his removal proceedings. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). We have reviewed the denial of Cajamarca's motion to reconsider for abuse of discretion. *See id.* A motion to reconsider must "specify errors of fact or law in the [challenged BIA decision] and [ ] be supported by pertinent authority." *See* 8 U.S.C. § 1229a (c)(6); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 90 (2d Cir.2001).

The BIA does not abuse its discretion in denying a motion to reconsider when the movant repeats arguments the BIA has already rejected. *See Jin Ming Liu,* 439 F.3d at 111. Because Cajamarca merely reiterated his previously rejected arguments rather than identifying errors of fact or law in the BIA's denial of reopening, the BIA did not abuse its discretion in denying his motion for reconsideration. *See id.* Contrary to Cajamarca's argument that the BIA failed to consider *Matter of Arthur,* 20 I. & N. Dec. 475 (BIA 1992), which holds that *timely* motions to reopen to adjust status may be granted, the BIA explicitly found that Cajamarca's second motion to reopen was untimely and did not fall within any exception to the time limitations imposed on motions to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).